

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA

           v.

LUKE KENDALL,

           Defendant.
-----------------------------------------------------X

18CR532 (SJ)

ORDER OF
DISMISSAL

**APPEARANCES**

RICHARD P. DONOGHUE
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Francisco Navarro
*Attorney for the government*

FEDERAL DEFENDERS OF NEW YORK
One Pierrepont Plaza
16th Floor
Brooklyn, NY 11201
By:    James Darrow
*Attorney for Defendant*

**JOHNSON, U.S.D.J.:**

        Defendant Luke Kendall's ("Kendall" or "Defendant") was arrested on September 20, 2018 at John F. Kennedy International Airport after consenting to an x-ray that revealed foreign bodies in his digestive tract. He later passed 127 pellets containing cocaine. Kendall attempted to plead guilty before Magistrate Judge James Orenstein on two occasions in February 2019, but was incapable of allocuting. Two

1

competency evaluations followed: the first at the Metropolitan Correctional Center and the second at the Federal Correctional Institution at Butner, North Carolina. Both evaluations found him unfit to stand trial and Kendall has refused medication.

The government faces a heavy burden when seeking the involuntary administration of medication to a nonviolent pretrial detainee for the sole purpose of attempting to restore competency to stand trial. First, there must be an "*important* governmental interest at stake." *United States v. Sell*, 539 U.S. 166, 180 (2003) (emphasis in original). "That is so whenever the offense is a serious crime against a person or serious crime against property." *Id.* While the government argues that Kendall's crime is serious enough to warrant forcible medication, the Court disagrees. Moreover, Kendall has already been incarcerated for 17 months. According to Butner, the process of attempting to restore his competence would take several more months. Finally, as a citizen of Guyana, Kendall is subject to deportation. Under these circumstances, the Court finds that it is neither equitable nor a proper use of financial resources to keep him in custody any further.

Defendant's motion to dismiss the indictment is granted.

SO ORDERED.

Dated: February 11, 2020
Brooklyn, New York

_____
Sterling Johnson, Jr., U.S.D.J.

2

P-049